UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00016-LK |
| Plaintiff, | ORDER CONTINUING TRIAL |
| v. | |
| JOSE MANUEL FRIAS LOPEZ et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Jose Frias Lopez's Unopposed Motion to Continue Trial. Dkt. No. 127.[1] Mr. Frias Lopez moves to continue trial from November 3, 2025 to July 27, 2026. *Id.* at 1.[2] Mr. Frias Lopez has conferred with "all other counsel, including counsel for all codefendants" who have been arraigned thus far in this case, *see* Dkt. No. 99 (setting trial for codefendant Diego Armando Garcia Cardenas on March 23, 2026); Dkt. No. 112 (setting trial

---

[1] Counsel is reminded that, as noted in the Standing Order in this case, Dkt. No. 61, "[t]he Court prefers that citations be included in the body of the briefing, not in the footnotes, with the exceptions of citations for explanatory footnotes." *Id.* at 2; *cf.* Dkt. No. 127 (citations contained in footnotes throughout Mr. Frias Lopez's motion).

[2] While the motion to continue trial requests a July 27 trial date, *id.*, Mr. Frias Lopez's proposed order identifies June 8, 2025 as the new trial date, Dkt. No. 127-1 at 2. The Court has conferred with the parties via email and confirmed that July 27 is the trial date sought.

ORDER CONTINUING TRIAL - 1

for codefendant Luis Alfonso Clavijo on November 3, 2025), and relates that they do not oppose a continuance of the trial to July 27, 2026. Dkt. No. 127 at 1–2 (citation omitted). Mr. Frias Lopez, Mr. Alfonso Clavijo, and Mr. Garcia Cardenas have all filed waivers of their speedy trial rights through August 27, 2026. Dkt. No. 126 at 1; Dkt. No. 129 at 1; Dkt. No. 130 at 1.

On January 24, 2024, a federal grand jury indicted Mr. Frias Lopez, Mr. Alfonso Clavijo, and numerous other codefendants on multiple counts associated with the alleged importation and distribution of cocaine. Dkt. No. 1. A Superseding Indictment adding other defendants, including Mr. Garcia Cardenas, was issued on May 15, 2024. Dkt. No. 23. The Superseding Indictment charged Mr. Frias Lopez with one count of Conspiracy to Import Cocaine, two counts of Distribution of Cocaine for Purpose of Importation, two counts of Attempted Importation of Cocaine, one count of Conspiracy to Commit Money Laundering, and one count of Money Laundering. *Id.*; *see also* 21 U.S.C. §§ 952, 959(a), 960(a)(1), (3), 960(b)(1)(B), (2)(B), 963; 18 U.S.C. §§ 2, 1956(a)(2)(A), (3)(A)–(B), (h). Mr. Garcia Cardenas was charged with one count of Conspiracy to Import Cocaine, one count of Distribution of Cocaine for Purpose of Importation, and one count of Attempted Importation of Cocaine, Dkt. No. 23 at 1–7; *see also* 21 U.S.C. §§ 952, 959(a), 960(a)(1), (3), 960(b)(1)(B), 960(b)(2)(B), 963; 18 U.S.C. § 2; and Mr. Alfonso Clavijo was charged with one count of Conspiracy to Import Cocaine, Dkt. No. 23 at 1–2; *see also* 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B), 963.

Of the ten total defendants in this matter, only four—Mr. Frias Lopez, Mr. Alfonso Clavijo, Mr. Garcia Cardenas, and codefendant Jose Luis Villafane Osorio—have yet appeared. Dkt. Nos. 50, 83, 112. Mr. Garcia Cardenas was arraigned on the charges contained in the Superseding Indictment on May 2, 2025, and was ordered detained on May 6, 2025. Dkt. Nos. 83, 89. Mr. Frias Lopez and Mr. Alfonso Clavijo were arrested, arraigned, and ordered detained on August 29, 2025. Dkt. No. 112. On May 16, 2025, Mr. Villafane Osorio pleaded guilty to Conspiracy to Import

Cocaine (a lesser-included offense of that charged in Count 1) and Conspiracy to Commit Money Laundering (as charged in Count 4), and was sentenced before this Court on August 13, 2025. Dkt. Nos. 93, 95, 108–09. Several of the remaining six defendants have not yet been apprehended. Dkt. No. 127 at 3.

The case against Defendants involves an alleged international conspiracy to import cocaine from Columbia to the United States, and the counts against them carry very serious potential penalties. *See* Dkt. No. 127 at 2 (noting that "the most serious drug charges bear a 40-year maximum and a 5-year mandatory minimum sentence"). Moreover, the Government "may invoke a statutory enhancement that could drive the mandatory minimum sentence to ten years." *Id.* at 3. Mr. Frias Lopez notes that "[t]here is said to be a very large amount of discovery regarding the investigation," *id.*, and prior representations from the Government substantiate this claim: the Government received a large amount of Spanish-language discovery stemming from an investigation conducted by the Colombian National Police, which includes "numerous investigative reports, undercover audio and video recordings, wiretap audio recordings and text messages, and multiple digital devices seized at the time of takedown in Colombia," Dkt. No. 75 at 2–3.

Given the above, Mr. Frias Lopez's counsel avers that, "[d]espite [his] best efforts, [he] would be unable to prepare this case for trial by November 3, 2025," and as such "seek[s] this continuance to allow time to review and analyze discovery, confer with the client, investigate potential defenses, research and prepare pretrial motions, and—if necessary—prepare and try the case." Dkt. No. 127 at 3. He further states that "[i]f this case were to proceed to trial as presently scheduled, Mr. Frias Lopez would be deprived of the effective assistance of counsel." *Id.* at 4.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public, Mr. Frias Lopez, Mr. Garcia

Cardenas, and Mr. Alfonso Clavijo in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice by denying counsel for Defendants the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence and the complexity of the case, including the number of defendants and the nature of the prosecution. *See* 18 U.S.C. § 3161(h)(7)(B)(i)–(ii), (iv). The Court finds that the additional time requested is a reasonable period of delay and will be necessary to provide Defendants reasonable time to accomplish the above tasks. 18 U.S.C. § 3161(h)(6).

For these reasons, the Court GRANTS Mr. Frias Lopez's unopposed motion, Dkt. No. 127, and ORDERS that the trial date for Mr. Frias Lopez, Mr. Garcia Cardenas, and Mr. Alfonso Clavijo shall be continued from November 3, 2025 to July 27, 2026, and that the pretrial motions deadline shall be continued to May 18, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(6) and (h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which trial must commence for Mr. Lopez, Mr. Garcia Cardenas, and Mr. Clavijo under the Speedy Trial Act.

Dated this 15th day of October, 2025.

Lauren King
United States District Judge